IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOCCER SHOTS FRANCHISING, | : | |
|     Plaintiff | : | |
| | : | No. 1:13-cv-00928 |
| v. | : | |
| | : | (Judge Kane) |
| MICHAEL LOOKINGLAND, et al., | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Defendants Michael Lookingland and Dynasty Sports Academy move the Court to impose sanctions on Plaintiff Soccer Shots Franchising pursuant to Federal Rule of Civil Procedure 11(c). (Doc. No. 20.) For the reasons that follow, the Court will deny Defendants' motion.

## I. BACKGROUND

Plaintiff filed the above-captioned action on April 12, 2013, alleging the following: (1) Defendant Lookingland breached his fiduciary duty and duty of loyalty as well as his confidentiality and non-competition contract; (2) Defendants Lookingland and Dynasty misappropriated Plaintiff's trade secrets and proprietary information, tortiously interfered with Plaintiff's current and prospective economic advantage, engaged in unfair competition, and were unjustly enriched. (Doc. No. 1.) On June 19, 2013, Defendants filed a motion to dismiss Plaintiff's complaint, or, in the alternative, to transfer this action to the District of Maryland. (Doc. No. 9.) Defendants also moved to dismiss Plaintiff's claims of unjust enrichment and non-solicitation for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). After the parties completed briefing on Defendants' motion to dismiss, Plaintiff moved the Court for permission to file a sur-reply, which the Court granted. (Doc. Nos. 16, 17.)

1

During the course of the above-described briefing schedule, on June 19, 2013, Defendants' counsel sent an email to Plaintiff, claiming that the allegations in Plaintiff's complaint were "patently insufficient to establish personal jurisdiction," and asked Plaintiff to immediately withdraw its complaint or face sanctions. (Doc. No. 20-2 at 2.) After Plaintiff requested Defendants' concurrence in a fourteen-day extension to reply to Defendants' motion to dismiss, Defendants' counsel responded by reiterating that Defendant would seek sanctions were Plaintiff to proceed with its complaint in the Middle District of Pennsylvania. (Doc. No. 20-2 at 6.) In accordance with Defendants' threats, on August 26, 2013, Defendants filed a motion for sanctions, arguing that Plaintiff's jurisdictional allegations lack evidentiary support to the extent that the Court should enter sanctions against Plaintiff pursuant to Rule 11(c).[1] (Doc. No. 20 ¶ 19.) Plaintiff filed a brief in opposition on September 6, 2013. (Doc. No. 22.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 11(c)(2) imposes an affirmative duty on any party who signs a document and submits it to the court to conduct a reasonable inquiry into the facts and relevant law before filing. Bradgate Assoc., Inc. v. Fellows, Read & Assoc., Inc., 999 F.2d 745, 751 (3d Cir. 1993). The Rule 11 test is an "objective one of reasonableness," which seeks to discourage pleadings lacking a factual foundation, even though not filed in subjective bad faith. Lony v. E.I. Du Pont De Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1993). Rule 11 is also designed to ensure that pleadings are not used for improper purposes, such as "harassment, delay, or needless increase in litigation expense." Lony, 935 F.2d at 616; Lieb v. Topstone

---

[1] The Court observes that Defendants failed to file a separate brief in support of their motion, as required by Local Rule 7.5.

Indus., 788 F.2d 151, 157 (3d Cir. 1986).

When reviewing the sufficiency of a party's investigation of facts and law prior to filing a pleading, the Court "is expected to avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 578 (3d Cir. 1991). The first step in Rule 11 analysis is to determine whether the party seeking sanctions complied with the safe harbor provision of Rule 11(c)(2).[2] Under that provision, the movant must first present its Rule 11 motion to the offending party, and allow twenty-one days for the offending party to withdraw or correct its pleading before filing it with the court. Fed.R.Civ.P. 11(c)(2); see In re Schaeder Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008). Although the Third Circuit has not explicitly decided the issue, other circuits have made clear that a party seeking sanctions must serve a copy of its Rule 11 motion on the other party; warnings and informal applications will not suffice.[3]

## III. DISCUSSION

The Court first observes that it appears Defendants failed to comply with the Rule 11(c)(2) safe harbor provision by serving its motion for sanctions to Plaintiff before filing it with

---

[2] Prior to the 1993 amendment, the text of Rule 11 did not specifically require notice and an opportunity to be heard before a court sanctioned a party or attorney. With the amendment, the rule now explicitly requires notice and a reasonable opportunity to respond, as well as an explicit 21-day safe harbor provision.

[3] Roth v. Green, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[T]he plain language of subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion.") (emphasis added); Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002) (same); Graco, Inc. v. PMC Global, Inc., No. 08-1304, 2011 WL 868930, at *11 (D.N.J. Feb. 14, 2011) (same).

3

the Court. Defendants' email correspondence of June 19, 2013, merely warned Plaintiff that they would file a Rule 11 motion if Plaintiff refused to withdraw its complaint filed in the Middle District of Pennsylvania. (Doc. No. 20-2.) It does not appear from Defendants' motion nor the docket that Defendants ever served a copy of their proposed Rule 11 motion on Plaintiff before filing it with the Court.[4]

Moreover, the Court further finds that even if Defendants had complied with Rule 11(c)(2), Defendants' arguments in favor of sanctions lack merit. Defendants urge the Court to sanction Plaintiff because "basing a jurisdictional argument over a non-resident defendant on the fact that his employment was unilaterally 'regulated' from Pennsylvania violates Rule 11(b)(2), which requires that 'legal contentions [be] warranted by existing law . . .'" (Doc. No. 20 ¶ 14.) Additionally, Defendant also claims that Plaintiff's "contention that [Defendant] 'entered into' the Agreement in the Commonwealth of Pennsylvania" lacks evidentiary support. (Doc. No. 20 ¶ 14.) In sum, Defendant believes the Court should impose sanctions because there "is no basis for personal jurisdiction over the Defendants," and therefore Plaintiff's pleading was filed in this Court for the sole purpose of harassing Defendants. (Doc. No. 20 ¶ 16.)

The Court finds that Defendants' arguments are without merit. The issue of whether Defendants are subject to in personam jurisdiction in the Middle District of Pennsylvania was

---

[4] Plaintiff submitted a copy of a letter dated August 20, 2013, which states: "We are in receipt of your proposed 'Motion for Sanctions.'" (Doc. No. 22-1.) Defendants did not, however, submit a copy of the proposed motion that would verify Defendants complied with the Rule 11(c)(2) safe harbor. On that basis alone, the Court would be justified in denying Defendants' motion. F.R.Civ.P 11(c)(2) ("The motion must be served under Rule 4, but it must not be filed or be presented to the Court if the challenged paper is . . . withdrawn or appropriately corrected within 21 days after service"); see Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003)(reversing sanctions award when Rule 11 motion not served on opposing party before filing); Elliot v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) (same).

not decided before Plaintiff filed this action, and, precedent exists that reasonably supports both sides' arguments.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 480 (1985) (finding the long-term business relationship between a franchisor and franchisee sufficient to exercise personal jurisdiction over a non-resident defendant in franchisor's home state).  Personal jurisdiction is decided on a case-by-base basis and Plaintiff's arguments in favor of in personam jurisdiction were not unreasonable or frivolous.  Cresswell v. Walt Disney Prods., 677 F. Supp. 284, 289 (M.D. Pa. 1987); see Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation.").

## IV. CONCLUSION

For the reasons discussed above, Defendants fail to show that Rule 11 sanctions should be entered against Plaintiff.

**ACCORDINGLY**, on this 25th day of September 2013, **IT IS HEREBY ORDERED THAT** Defendants' motion for sanctions (Doc. No. 20) is **DENIED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
